No. 12934

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA ex rel
ALLEN LEMIEUX, County Attorney
in and for the County of Jefferson,

Relator,

-vs-

THE DISTRICT COURT OF THE FIFTH
JUDICIAL DISTRICT OF THE STATE
OF MONTANA, in and for the County
of Jefferson, and the HON. FRANK
E. BLAIR, Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Allen LeMieux, County Attorney, argued, Boulder,
Montana
Richard J. Llewellyn, Boulder, Montana

For Respondents:

James H. Goetz argued, Bozeman, Montana

---

Submitted: January 7, 1975

Decided: FEB -3 1975

Filed: FEB -3 1975

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Original Proceeding.

This is an application for a writ of supervisory control by the Jefferson County Attorney to set aside a ruling of the district court of the Fifth Judicial District holding that section 54-132, R.C.M. 1947, is unconstitutional.

The pertinent facts are not in dispute, they are: On August 8, 1974, leave to file an Information was granted by the district court of the Fifth Judicial District charging defendants, Penny Mitchell and Richard Mitchell with the criminal sale of dangerous drugs as specified in section 54-132, R.C.M. 1947.

On December 16, 1974, a jury trial was commenced and the state presented evidence that defendants had cultivated approximately 30 marijuana plants in their vegetable garden and that a quantity of marijuana seeds and processed marijuana had been seized from defendants' resident pursuant to a search warrant. No evidence was offered that defendants had ever sold in the ordinary sense of the word, any of the marijuana in question.

At the close of the state's case, defendants entered a motion to dismiss the charge of criminal sale of dangerous drugs for the reason that section 54-132, R.C.M. 1947, was unconstitutional. On December 18, 1974, the district court ruled the statute was unconsitutional because it created an irrebuttable presumption that a defendant who manufactured, prepared, cultivated, compounded or processed any dangerous drug was guilty of selling the same.

Thereupon the criminal proceeding against defendants was continued and the county attorney petitioned this Court for a writ of supervisory control to set aside the action of the district court in declaring the statute unconstitutional. Section 54-132, R.C.M. 1947, provides in pertinent part:

"Criminal sale of dangerous drugs. (a) A person commits the offense of a criminal sale of dangerous drugs if he sells, barters, exchanges, gives away, or offers to sell, barter, exchange or give away, manufactures, prepares, cultivates, compounds or processes any dangerous drug as defined in this act."

Defendants argue that section 54-132 offends due process requirements because by its terms, an irrebuttable presumption is created that one who cultivates a dangerous drug as defined in the Act is guilty of selling the same. In support of this contention defendants rely principally upon Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L ed 1519, 1524.

In Tot the constitutionality of the Federal Firearms Act, 52 Stat. 1250, Ch. 850, 15 U.S.C. § 902(f), was successfully attacked by the defendant. This Act provided that it was a crime for any person who had previously been convicted of a crime of violence to receive any firearm or ammunition that had been shipped through interstate commerce. Section 2(f) of that statute contains this explicit presumption:

"* * * and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

The United States Supreme Court in Tot declared the statute unconstitutional and set forth this test:

"Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience."

Under this test, defendants argue, there is no rational connection between the fact of cultivation of marijuana and the sale of marijuana. We decline to speculate whether such a rational connection exists because we do not agree that section 54-132, R.C.M. 1947, creates a presumption. According to the terms of section 54-132, one is guilty of the offense of sale of dangerous drugs if any of the following prohibited criminal activities are committed:

- 3 -

1) Selling, bartering, exchanging, or giving away any dangerous drug as defined in the act.

2) Offering to sell, barter, exchange or give away any dangerous drug as defined in the act.

3) Preparing, cultivating, compounding, or processing any dangerous drug as defined in the act.

A reading of this statute compels the conclusion that the legislature broadly defined the term "sale" to include the enumerated activities set out by the terms of the statute. Stated in another fashion, the legislature set forth certain activities which are adverse to the public welfare and has broadly labeled these prohibited activities as the "sale" of dangerous drugs.

Defendants argue that there are constitutional limitations on the power of the legislature to "stretch" ordinary meanings in defining words for statutory purposes. To support this contention they rely on Calvert v. Zanes-Ewalt Warehouse, Inc., Tex.Civ.App., 1973, 492 S.W.2d 638. The Texas legislature enacted a taxation statute that defined the term "sale" to include a theft. In Calvert the Texas Court of Appeals declared the statute unconstitutional and stated that the statutory definition of the term was strained, contrary to its ordinary meaning, and so arbitrary that due process had been denied.

However, the Texas Supreme Court later reversed this decision in Calvert v. Zanes-Ewalt Warehouse, Inc., (Texas 1973), 502 S.W.2d 689, and upheld the constitutionality of the statute despite the fact that the term "sale" was defined in a way that was at odds with its ordinary meaning. The reviewing court found no abuse of due process.

Research on the constitutionality of criminal statutes that define terms contrary to their ordinary, accepted meanings led to People v. Knowles, 35 Cal.2d 175, 217 P.2d 1, 4, cert.den. 340 U.S. 879, 71 S.Ct. 117, 95 L ed 639.

In <u>Knowles</u>, the California Penal Code § 209, was discussed.
It defined the crime of kidnapping in these terms::

> "Every person who seizes, confines, inveigles, entices,
> decoys, abducts, conceals, kidnaps or carries away
> any individual by any means whatsoever with intent to
> hold or detain, or who holds or detains, such individual
> for ransom, reward or to commit extortion or robbery
> * * *".

It is clear from the terms of this statute that the California
legislature had redefined the crime of kidnapping to include situa-
tions where an asportation of the victim was lacking. In so doing,
the crime of kidnapping had been defined contrary to its commonly
accepted meaning. Consequently, a defendant could be convicted of
kidnapping even though the same offense would have only constituted
an armed robbery in other jurisdictions.

In <u>Knowles</u>, the defendant and an accomplice had entered a
clothing store and compelled the proprietor and a clerk to enter
a stockroom in the rear of the store. While momentarily confined
in the stockroom, the clerk and the proprietor were robbed. One
of defendants was convicted of kidnapping despite the fact that there
had been no asportation of the victim; a crucial element under the
common law definition of the crime.

Justice Traynor, writing for the majority of the California
court, upheld the constitutionality of the statute and stated:

> "There is no question that the Legislature has the
> power to define kidnapping broadly enough to include
> the offense here committed and to prescribe the punish-
> ment specified in section 209. Subject to the consti-
> tutional prohibition of cruel and unusual punishment, the
> Legislature may define and punish offenses as it sees fit.
> [Citing cases] It may define and punish as kidnapping
> an offense that other states regard only as armed robbery.
> Section 209 establishes that definition as the law of
> California. [Case cited] The statutory definition of the
> proscribed offenses is not rendered uncertain or ambiguous
> because some of the prohibited acts are not ordinarily re-
> garded as kidnapping."

We agree with the rationale of <u>Knowles.</u> The Montana legislature
could have set forth a separate statute prohibiting the cultivation
of marijuana and could have labeled it accordingly. We see no
reason for declaring the statute unconstitutional because the legis-
lature defined a criminal offense in terms of several types of
conduct which may constitute that single offense.

We recognize that the legislature defined the sale of dangerous drugs to include offenses that other states have labeled "possession" or "cultivation".

The writ of supervisory control shall issue and this cause is remanded to the district court with directions to proceed to a final disposition consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____
Wesley Castles

_____

_____
Justices.

Mr. Justice Frank I. Haswell dissenting:

I dissent.

Section 54-132, R.C.M. 1947, declares that a person who cultivates marihuana commits the offense of a criminal sale thereof. The vice of this statutory definition lies in precluding proof that the accused did not sell or transfer marihuana to others, but only grew it for his own use. Proof of cultivation is sufficient to convict without regard to proof of a sale or transfer to another.

Classifying cultivation as a sale and prohibiting proof to the contrary creates a conclusive presumption that one who grows marihuana sells it criminally. A presumption is "a deduction which the law expressly directs to be made from particular facts", here a criminal sale from proof of cultivation. Section 93-1301-3, R.C.M. 1947. In the instant case, the presumption is made conclusive by definition of the crime:

> "A person commits the offense of a criminal sale
> of dangerous drugs if he * * * cultivates * * *
> any dangerous drug * * *."

The United States Supreme Court has expressed the test of constitutionality of such statutory presumptions in Tot v. United States, 319 U.S. 403, 63 S.Ct. 1241, 87 L.ed 1519, 1524:

> "Under our decisions, a statutory presumption
> cannot be sustained if there be no rational con-
> nection between the fact proved and the ultimate
> fact presumed, if the inference of the one from
> proof of the other is arbitrary because of lack
> of connection between the two in common experience."

This test of unconstitutionality fits like a glove in this case. There is no rational connection between the fact proved (cultivation of marihuana) and the ultimate fact presumed (the criminal sale of marihuana). The inference of sale from proof of cultivation is arbitrary because of lack of connection between the two.

Accordingly, I would affirm the district court in declaring

- 7 -

the statute unconstitutional.  In my view, it denies the defendant "due process of law" by its arbitrary and irrational classification of a "grower" as a "pusher" without regard to the facts of the individual case.

_____
Justice

Mr. Justice Gene B. Daly dissenting:

I concur with the dissent of Mr. Justice Frank I. Haswell.

_____
Justice